IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ADVANCED GENERIC CORP.<br>Plaintiff<br>vs<br>SORTER LABORATORIES DRUG TESTING, CORP. d/b/a SORTER LABORATORIES;<br>DELIZ PHARMACEUTICAL CORPORATION;<br>DOMEL LABORATORIES,INC.;<br>SEYER PHARMATEC, INC. d/b/a SEYER LABORATORIES;<br>NOVIS P.R., INC.;<br>INTERNATIONAL ETHICAL LABS, INC.;<br>PORTAL PHARMACEUTICAL, INC.;<br>GIL PHAMACEUTICAL CORP.;<br>BORSCHOW HOSPITAL & MEDICAL SUPPLIES, INC.;<br>FMC DISTRIBUTORS, INC.;<br>CESAR CASTILLO, INC.;<br>PUERTO RICO COLLEGE OF PHARMACISTS;<br>JULIE HURTADO, in her individual capacity and as President of the Puerto Rico College of Pharmacists;<br>ANA VELEZ, in her individual capacity and as the President of the Committee on Legislation for the Puerto Rico College of Pharmacists;<br>JOHN DOE and COMPANY XYZ<br>Defendants | CIVIL 10-1334CCC |

# **O R D E R**

Before the Court is plaintiff's Second Request for Extension of Time to Serve Individual Defendants (**docket entry 46**).  Individual defendants Julie Hurtado and Ana Vélez were included in plaintiff's complaint filed on February 1, 2010, and summons were issued for them on that same date (docket entry 3).  Plaintiff initially requested an additional thirty days for service and new summons on June 7, 2010 (docket entry 25), and although no reason was given for its failure to complete service process within 120 days allowed

CIVIL 10-1334CCC                                                  2

under Rule 4(m), the same was granted in light of the change of venue.  Plaintiff was given until September 10, 2010 to serve process, or more than three weeks.[1]

"The plaintiff bears the burden of proof in showing it had good cause in not timely serving the defendant.  In determining whether the plaintiff has demonstrated good cause, courts will weigh the plaintiff's reasonable efforts and diligence against in the prejudice to the defendant resulting from the delay.  Further, the court will consider whether the plaintiff was conscientious about complying with the Rules, including, but not limited to, whether plaintiff moved under Fed.R.Civ.P. 6(b) for an extension of time in which to serve defendant. Good cause will not be shown if the delay was caused by attorney inadvertence, neglect or mistake.  It is trial counsel's responsibility to monitor the activity of the process server and to take reasonable steps to assure that a defendant is timely served.  Clerical error in the attorney's office is not good cause.  Thus, "good cause" is generally found only in exceptional circumstances where the plaintiff's failure to make timely service was the result of circumstances beyond his control." American Commercial Barge Line Company, LLC v. Tug Joan Salton, 2001 WL 262724, 3* (S.D.N.Y) (Citations omitted.)

Plaintiff's unsupported motion anticipates further delays–the need for service by publication–at a later stage.  It apparently made no attempt to serve defendants during the initial period for service of process, and now wants another month for further attempts at personal service before moving for a third extension to serve by publication.  Advanced Generic Corp.'s poor use of its time for service is not "good cause" for further extensions.

---

[1] Contrary to the statement in plaintiff's motion, the summons for those defendants were issued on August 16, 2010 (docket entry 32) giving it more than three weeks to serve, or move for service by publication.  Apparently, a second set of summons was issued ten days later (docket entry 24).

CIVIL 10-1334CCC                                      3

Accordingly the Request for Extension of Time to Serve Individual Defendants (**docket entry 46**) is DENIED.  Partial Judgment will be entered dismissing Julie Hurtado and Ana Vélez, without prejudice.

SO ORDERED.

At San Juan, Puerto Rico, on September 20, 2010.

S/CARMEN CONSUELO CEREZO
United States District Judge