IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ADVANCED GENERIC CORP.<br>Plaintiff<br>vs<br>SORTER LABORATORIES DRUG TESTING, CORP. d/b/a SORTER LABORATORIES; DELIZ PHARMACEUTICAL CORPORATION; SEYER PHARMATEC, INC. d/b/a SEYER LABORATORIES; NOVIS P.R., INC.; INTERNATIONAL ETHICAL LABS, INC.; PORTAL PHARMACEUTICAL, INC.; GIL PHAMACEUTICAL CORP.; BORSCHOW HOSPITAL & MEDICAL SUPPLIES, INC.; FMC DISTRIBUTORS, INC.; CESAR CASTILLO, INC.; PUERTO RICO COLLEGE OF PHARMACISTS; JOHN DOE and COMPANY XYZ<br>Defendants | CIVIL 10-1334CCC |

**ORDER**

This civil action was filed on February 1, 2010 in the United States District Court for the Southern District of Florida. A request for leave to file a first amended complaint was filed on April 10, 2010 before that same court, and on April 20, 2010 this case was transferred to the District Court of Puerto Rico upon the request of defendant Novis Puerto Rico, Inc. Upon being transferred to this district, it was assigned to Senior Judge Salvador E. Casellas, who disqualified himself, and was reassigned to the undersigned. Once transferred, plaintiff renewed its prior request to amend the complaint (docket entry 24), which had been denied as moot by the Florida court on June 7, 2010 due to the transfer. On August 13, 2010 the tendered amended complaint was authorized. See docket entry 30.

The Case Management Order was issued by the undersigned on August 12, 2010 (docket entry 31). Rule 26(a)(1) mandatory disclosures, if not already made, had to be completed by November 1, 2010. Expert reports were due on January 20, 2011 and

CIVIL 10-1334CCC                                        2

March 22, 2011 for plaintiff and defendants, respectively.  **The discovery deadline was set at May 31, 2011**.

The May 31, 2011 discovery deadline meant that the parties were given, in the August 12, 2010 Case Management Order, nine months to conclude discovery followed by a 30-day term to file dispositive motions. By October 5, 2010, the first motion to dismiss was filed by defendant Portal Pharmaceutical, Inc., followed by other dismissal motions: docket entries 71, 77, 79, 80, 81, 87, 88, 90 and 92, the last of which was filed by the Puerto Rico College of Pharmacists. On October 28, 2010, the defendants who had filed the dismissal motions, to wit: "Seyer," "Novis," "Domel," César Castillo, Inc., "Deliz," "Borshow," Puerto Rico College of Pharmacists, International Ethical Laboratories, "Portal," and "Sorter," all requested stay of discovery.

Discovery was stayed until resolution of all of the pending motions to dismiss. On May 9, 2011, all of the dismissal motions were denied (docket entry 115) and in that same order plaintiff was granted leave to file a second amended complaint, with the admonition that no further motion to amend would be entertained. On June 16, 2011 an order (docket entry 138) was issued resetting, after the end of the stay, the following Case Management Order deadlines: defendants' expert witness reports were now due on August 11, 2011, and all discovery was to be completed by October 14, 2011. The pretrial conference was reset for February 14, 2012 and trial for May 9, 2012.

A few days later, on June 24, 2011, "Sorter" filed a Motion on Modification of Case Management Schedule (docket entry 139) asking for the following: that the August 11, 2011 deadline for all defendants' expert reports be deleted and that such deadline be held in abeyance until such time as plaintiff presents its initial mandatory disclosures under Rule 26(a)(1) and the reports of any experts it intends to use at trial. On its part, plaintiff filed on July 22, 2011 a "Motion to Compel Discovery and to Modify Discovery Schedule" (docket entry 143), alleging that it had submitted its Rule 26(a)(1) disclosures on

CIVIL 10-1334CCC                                    3

November 4, 2010, but that defendants had made no initial disclosures. In the modification request it asked that the Court "issue a new Case Management Order."

Both **docket entries 139 and 143** are DENIED in their entirety. It is too late in the day to be asking that the Court compel initial disclosures that were due since 2010 and there is no justification for further extensions of discovery in this case. The original Case Management Order (docket entry 31) filed on August 12, 2010 established a May 31, 2011 discovery deadline and such discovery was not stayed until February 16, 2011 (docket entry 109). At the moment the stay was ordered, six months had elapsed since the May 21 deadline was fixed in the August 10, 2010 Case Management Order. The stay was in effect only until the resolution of the pending motions to dismiss (docket entry 109). The dismissal motions having been denied on May 9, 2011, this automatically restarted the discovery period that had been interrupted. On June 16, 2011 the new October 14, 2011 discovery deadline was notified (docket entry 138), thereby giving the parties a total of eleven (11) months to conduct discovery. The requests for additional time by both plaintiff and defendants are unreasonable. They cannot be justified by pointing fingers at who dragged their feet the most.

Accordingly, "Sorter's" Motion on Modification of Case Management Schedule (**docket entry 139**) and plaintiff's Motion to Compel Discovery and to Modify Discovery Schedule (**docket entry 143**) are DENIED. The Court having denied the latter, plaintiff's Second Motion to Compel Discovery and to Modify Discovery Schedule (**docket entry 150**) filed October 3, 2011 is also DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on October 27, 2011.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge